IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| **WESLEY JIGGETS, # M22323,** ) | |
| ) | |
| **Plaintiff,** ) | |
| vs. ) | Case No. 23-cv-03348-SMY |
| ) | |
| **THE COLLEGIAL REVIEW PROCESS** ) | |
| **(of Wexford Health Sources, Inc.),**[1] ) | |
| **JANE DOE #1 (Nurse, Pinckneyville C.C.),** ) | |
| **JANE DOE #2 (Nurse, Pinckneyville C.C.),** ) | |
| **JOHN DOE #3 (Doctor, Pinckneyville C.C.),** ) | |
| **JANE DOE #4 (Nurse, Hill C.C.), and** ) | |
| **TOMLINSON (Hill C.C.),** ) | |
| ) | |
| **Defendants.** ) | |

## MEMORANDUM AND ORDER

**YANDLE, District Judge:**

Plaintiff Wesley Jiggets, an inmate of the Illinois Department of Corrections ("IDOC") currently incarcerated at Lawrence Correctional Center, filed the instant lawsuit pursuant to 42 U.S.C. § 1983 for alleged deprivations of his constitutional rights. Plaintiff's claims arose while he was a prisoner at Pinckneyville and Hill Correctional Centers (Doc. 1).[2]

This case is now before the Court for preliminary review of the Complaint under 28 U.S.C. § 1915A, which requires the Court to screen prisoner Complaints to filter out nonmeritorious claims. 28 U.S.C. § 1915A(a). Any portion of the Complaint that is legally frivolous, malicious, fails to state a claim for relief, or requests money damages from an immune defendant must be dismissed. 28 U.S.C. § 1915A(b).

---

[1] Plaintiff identifies this Defendant as part of Wexford Health Sources, Inc. (Doc. 1, p. 2).
[2] Plaintiff filed this action on May 23, 2023 in the Central District of Illinois (Case No. 23-cv-4081). The case was transferred to this Court on October 11, 2023 (Doc. 7).

1

**The Complaint**

Plaintiff makes the following allegations in the Complaint (Doc. 1): Plaintiff had an altercation with another inmate at Pinckneyville Correctional Center on January 18, 2022, and sustained a broken nose (Doc. 1, p. 7). He was placed in segregation, where his nose continued bleeding for three days. A nurse put him in for sick call, but he was not immediately seen.

Plaintiff complained on January 22, 2022 to the segregation nurse, Defendant Jane Doe #1,[3] about the constant bleeding and pain. She gave him generic Tylenol which was ineffective.

Plaintiff filed a medical request slip on January 31, 2022. His nose was swollen, bleeding, extremely painful, and made a small crunching sound when touched. He still was never given emergency medical treatment, although he continued to complain and submit sick call slips from January into March 2022 (Doc. 1, pp. 7-8, 14, 22, 41).

Plaintiff was returned to Cell House #5 where he complained to Defendant Jane Doe Nurse #2[4] about his swollen and painful broken nose, but she did not give him any treatment (Doc. 1, pp. 8-9, 15, 41).

After Plaintiff filed a grievance, he saw a doctor who ordered an x-ray. That test revealed a "nasal bone fracture and shift of the septum to the left" (Doc. 1, pp. 9, 46-50, 53). Plaintiff saw Defendant Dr. John Doe #3[5] on March 18, 2022, who promised Plaintiff he would get off-site emergency medical treatment. John Doe #3 requested a referral for Plaintiff to see an outside ENT specialist (Doc. 1, pp. 9-10, 15, 56). His request was forwarded to the Wexford Collegial Review Defendants ("Wexford").

---

[3] Plaintiff describes this nurse as a Caucasian female, 5'8" tall, with blonde hair, glasses, heavy set, who worked the 7:00-3:00 shift in the segregation unit at Pinckneyville (Doc. 1, p. 7). Plaintiff asserts that the Doe Defendants deliberately concealed their names by obscuring or not wearing their identification badges (Doc. 1, p. 12).
[4] Plaintiff describes Jane Doe Nurse #2 as a Caucasian female, tall, with blonde hair, who worked the 3:00-11:00 shift at Pinckneyville (Doc. 1, pp. 8-9).
[5] John Doe #3, the prison doctor, is described as an African American male who walks with a limp and works the 7:00-3:00 shift at Pinckneyville (Doc. 1, p. 9).

Plaintiff was transferred to Hill Correctional Center in March 2022. He was finally approved on August 4, 2022 for an ENT consultation to take place on October 24, 2022 (Doc. 1, pp. 10, 59).

Wexford's collegial review policy, and their unwritten policy to delay off-site medical treatment, caused Plaintiff's off-site appointment to be delayed for approximately eight months. This delay caused his nose to heal in a disfigured manner (Doc. 1, pp. 11, 19, 73-75).

Plaintiff was prescribed Allegra, and Flonase and Azelastine nasal sprays on October 24, 2022 (Doc. 1, pp. 10-11, 72, 78). On or about October 28, 2022, Jane Doe Nurse #4 discontinued the medications prescribed by the outside specialist (Doc. 1, pp. 11, 17).

Plaintiff had received several prescriptions for pain medication, but these were discontinued at some point. Plaintiff continued to suffer stabbing pain in November and December 2022 and requested medication from Defendant Nurse Tomlinson. She refused and told Plaintiff to get pain medications from the commissary (Doc. 1, pp. 11, 18, 66).

Based on the allegations in the Complaint, the Court designates the following claims in this *pro se* action:

Count 1: Eighth Amendment deliberate indifference to serious medical needs claim against the Jane Doe Nurses #1 and #2, and the John Doe Doctor #3 for denying and delaying treatment for Plaintiff's broken nose at Pinckneyville Correctional Center from January 18, 2022, through March 2022.

Count 2: Eighth Amendment deliberate indifference to serious medical needs claim against the Wexford Collegial Review Process for the eight-month delay of Plaintiff's referral to an outside ENT specialist for treatment of his broken nose, due to their written and/or unwritten policies on approval of outside medical treatment.

Count 3: Eighth Amendment deliberate indifference to serious medical needs claim against the Jane Doe Nurse #3 at Hill Correctional Center for discontinuing Plaintiff's medications prescribed by the ENT specialist in October 2022.

>Count 4: Eighth Amendment deliberate indifference to serious medical needs claim against Nurse Tomlinson at Hill Correctional Center for refusing to provide Plaintiff with pain relief medication in November-December 2022.

Any other claim that is mentioned in the Complaint but not addressed in this Order should be considered dismissed without prejudice as inadequately pled under the *Twombly* pleading standard. *See Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007) (an action fails to state a claim upon which relief can be granted if it does not plead "enough facts to state a claim that is plausible on its face.").

## Discussion

### Count 1

Prison medical staff violate the Eighth Amendment's prohibition against cruel and unusual punishment when they act with deliberate indifference to a prisoner's serious medical needs. *Rasho v. Elyea*, 856 F.3d 469, 475 (7th Cir. 2017). To state such a claim, a prisoner must plead facts suggesting that (1) he suffered from an objectively serious medical condition, and (2) the defendant acted with deliberate indifference to his medical needs. *Id.* Delaying treatment may constitute deliberate indifference if such delay exacerbated the injury or unnecessarily prolonged an inmate's pain." *Gomez v. Randle*, 680 F.3d 859, 865 (7th Cir. 2012).

Plaintiff's Complaint states a viable Eighth Amendment claim against Jane Doe Nurses #1 and #2. Plaintiff sufficiently alleges that Jane Doe #1 was aware of his painful, bleeding, and likely broken nose while he was in segregation, but did not refer him to be seen by a doctor and only gave him over-the-counter pain medication. Plaintiff likewise sufficiently alleges that he informed Jane Doe #2 about his swollen and painful injured nose, but she failed to provide him treatment or refer him for further medical assessment.

However, Plaintiff's Complaint fails to state a claim against John Doe Doctor #3. Plaintiff alleges he saw this doctor on one occasion (March 18, 2022), and he requested a referral for Plaintiff to see an outside specialist (Doc. 1, p. 56). Despite John Doe #3's "promise" that Plaintiff would see an outside doctor, this referral was not approved or completed before Plaintiff was transferred away from Pinckneyville. But the Complaint does not set forth facts suggesting that John Doe #3 was responsible for the delay in Plaintiff's consultation with him, or for the delay in obtaining the outside specialist referral. John Doe #3 will therefore be dismissed without prejudice. Count 1 will proceed only against the Pinckneyville nurses, Jane Doe #1 and Jane Doe #2.

## Count 2

"The Collegial Review Process" is not an entity subject to suit in a civil rights case. However, Wexford Health Sources, Inc. ("Wexford"), the company that provides health care in Illinois prisons and used the collegial review process which allegedly delayed and/or denied Plaintiff's access to outside care, may be liable for deliberate indifference if its policy or practice caused a constitutional violation. *See Woodward v. Corr. Med. Serv. of Ill., Inc.*, 368 F.3d 917, 927 (7th Cir. 2004). *See also Jackson v. Ill. Medi-Car, Inc.*, 300 F.3d 760, 766 n.6 (7th Cir. 2002) (private corporation is treated as though it were a municipal entity in a § 1983 action). Plaintiff has alleged that individuals employed by Wexford either acted or failed to act because of an official policy espoused by Wexford to avoid referrals to outside medical specialists. Accordingly, Plaintiff states a viable claim in Count 2 against Wexford.[6][7]

---

[6] The Clerk of Court will be directed to substitute Wexford Health Sources, Inc., for the defendant now designated as "The Collegial Review Process."

[7] The claim against Wexford encompasses Plaintiff's incarceration in two different prisons, in two different judicial districts. Wexford is the contracted medical provider for both institutions and Plaintiff alleges that the delay in his specialist referral continued for several months after he was transferred to Hill Correctional Center. Severance of the claims arising at Hill (Counts 3 and 4) is not warranted at this time but may be appropriate in the future as the case proceeds.

### Count 3

Plaintiff alleges that Jane Doe Nurse #3 at Hill intentionally discontinued the medications that were prescribed to him by the ENT specialist he consulted in October 2022. When a prisoner asserts that a prison medical provider is aware of a specialist's instructions regarding the inmate's medical care, but deliberately disregards them, he sufficiently alleges a deliberate indifference claim. *See Gil v. Reed*, 381 F.3d 649, 662-64 (7th Cir. 2004); *Jones v. Simek*, 193 F.3d 485, 490 (7th Cir. 1999). Accordingly, Count 3 may proceed against the Jane Doe Nurse #3.

### Count 4

Chronic and substantial pain indicates a serious medical condition, and failure to address it may constitute deliberate indifference. *Gutierrez v. Peters*, 111 F.3d 1364, 1373 (7th Cir. 1997). Here, Plaintiff states a viable claim against Nurse Tomlinson, who allegedly refused to provide him with pain medication in November and December 2022, despite his complaints of ongoing, serious pain from his broken nose. Count 4 will therefore proceed against Tomlinson.

### Official Capacity Claims

Plaintiff raises claims against each defendant in their individual and official capacities. However, Plaintiff's claims for monetary damages may only be pursued against state (or Wexford) officials in their individual capacities. *Brown v. Budz*, 904 F.3d 904, 918 (7th Cir. 2005); *Shockley v. Jones*, 823 F.2d 1068, 1070 (7th Cir. 1987). Accordingly, the official capacity claims against the individual defendants are dismissed without prejudice.

### Unknown/John/Jane Doe Defendants

Plaintiff is responsible for securing information aimed at identifying the Unknown/Jane Doe Defendants, in accordance with the John/Jane Doe Identification Order that will be entered separately. Once the names of the unknown defendants are obtained, Plaintiff must file a motion

to substitute the newly identified defendants in place of the generic designations in the case caption and throughout the Complaint. The Wardens of Pinckneyville and Hill Correctional Centers, in their official capacity only, will be added as defendants for the purpose of responding to Plaintiff's requests for information regarding the identity of the unknown defendants.

## Disposition

The Complaint states colorable claims in Count 1 against the Jane Doe Nurses #1 and #2; in Count 2 against Wexford Health Sources, Inc.; in Count 3 against Jane Doe Nurse #4; and in Count 4 against Tomlinson. The John Doe Doctor #3 is **DISMISSED** without prejudice. The Clerk of Court is **DIRECTED** to **TERMINATE** the John Doe Doctor #3 as a defendant, to **SUBSTITUTE** Wexford Health Sources, Inc., for Defendant The Collegial Review Process, and to **ADD** the Wardens of Pinckneyville Correctional Center and Hill Correctional Center, in their official capacities, to the docket for purposes of identification of the unknown defendants.

The Clerk shall prepare for Wexford Health Sources, Inc., Tomlinson, the Warden of Pinckneyville Correctional Center (official capacity only), and the Warden of Hill Correctional Center (official capacity only): (1) Form 5 (Notice of a Lawsuit and Request to Waive Service of a Summons), and (2) Form 6 (Waiver of Service of Summons). The Clerk is **DIRECTED** to mail these forms, a copy of the Complaint, and this Memorandum and Order to each Defendant's place of employment as identified by Plaintiff. If a Defendant fails to sign and return the Waiver of Service of Summons (Form 6) to the Clerk within 30 days from the date the forms were sent, the Clerk shall take appropriate steps to effect formal service on the Defendant, and the Court will require the Defendant to pay the full costs of formal service, to the extent authorized by the Federal Rules of Civil Procedure.

If a Defendant cannot be found at the work address provided by Plaintiff, the employer

shall furnish the Clerk with the Defendant's current work address, or, if not known, the Defendant's last-known address. This information shall be used only for sending the forms as directed above or for formally effecting service. Any documentation of the address shall be retained only by the Clerk and shall not be maintained in the court file or disclosed by the Clerk.

Defendants are **ORDERED** to timely file an appropriate responsive pleading to the Complaint and shall not waive filing a reply pursuant to 42 U.S.C. § 1997e(g). **Pursuant to Administrative Order No. 244 and Local Rule 8.2, Defendants need only respond to the issues stated in this Merit Review Order**.

Plaintiff is **ADVISED** that if judgment is rendered against him and the judgment includes the payment of costs under 28 U.S.C. §1915, he will be required to pay the full amount of the costs, even though his application to proceed *in forma pauperis* was granted. *See* 28 U.S.C. § 1915(f)(2)(A).

Plaintiff is further **ADVISED** that he is under a continuing obligation to keep the Clerk of Court and the opposing parties informed of any change in his address; the Court will not independently investigate his whereabouts. This shall be done in writing and not later than **14 days** after a transfer or other change in address occurs. Failure to comply with this order will cause a delay in the transmission of court documents and may result in dismissal of this action for want of prosecution. *See* FED. R. CIV. P. 41(b).

Finally, based on the allegations in the Complaint, the Clerk of Court is **DIRECTED** to **ENTER** the standard qualified protective order pursuant to the Health Insurance Portability and

Accountability Act.

**IT IS SO ORDERED.**

**DATED:  May 14, 2024**

*s/ Staci M. Yandle*
**STACI M. YANDLE**
**United States District Judge**

### Notice to Plaintiff

The Court will take the necessary steps to notify the Defendants of your lawsuit and serve them with a copy of your Complaint. After service has been achieved, Defendants will enter an appearance and file an Answer to your Complaint. It will likely take at least **60 days** from the date of this Order to receive the Defendants' Answer, but it is entirely possible that it will take **90 days** or more. When Defendants have filed their Answers, the Court will enter a Scheduling Order containing important information on deadlines, discovery, and procedures. Plaintiff is advised to wait until counsel has appeared for Defendants before filing any motions, to give the Defendants notice and an opportunity to respond to those motions. Motions filed before Defendants' counsel has filed an appearance will generally be denied as premature. Plaintiff need not submit any evidence to the Court at this time, unless specifically directed to do so.